**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

MICHAEL GIBBS,
            Appellant,

      v.

DEPARTMENT OF THE INTERIOR,
            Agency.

DOCKET NUMBER
DC-3330-12-0721-I-2

DATE: September 4, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Michael Gibbs, Haymarket, Virginia, pro se.

Kerry E. Creighton, Esquire, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his Veterans Employment Opportunities Act of 1998 (VEOA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2 The appellant, a Department of Homeland Security employee, and a "service-wounded/disabled 'decorated' US Veteran," filed a Board appeal, alleging that he had applied for more than ten vacancy announcements with the agency but did not have an interview despite his qualifications. *Gibbs v. Department of the Interior*, MSPB Docket No. DC-3330-12-0721-I-1 (I-1), Initial Appeal File (IAF), Tab 1 at 6. The appellant further alleged that he was "blocked" from these positions because he represented his wife (an agency employee) in various matters against the agency, and he asserted several affirmative defenses. *Id.* at 5-8. The appeal was dismissed without prejudice and later refiled. I-1, IAF, Tab 14; *Gibbs v. Department of the Interior*, MSPB Docket No. DC-3330-12-0721-I-2 (I-2), IAF, Tab 1. The appellant waived his right to a hearing. *See* I-2, IAF, Tab 12.

¶3 The administrative judge dismissed the appeal for lack of jurisdiction. I-2, IAF, Tab 23, Initial Decision (ID). In pertinent part, the administrative judge

found that the appellant did not prove that he exhausted his administrative remedies with the Department of Labor (DOL). ID at 4-6. The appellant filed a petition for review, the agency filed a response, and the appellant filed a reply. Petition for Review (PFR) File, Tabs 2, 4-5. On petition for review, the appellant states that he "understands" the administrative judge's decision regarding the exhaustion requirement. PFR File, Tab 2 at 5. He alleges, however, that the administrative judge did not address the Senior Executive Service (SES) positions, such as Chief of National Business Center, Director of Budget, and other positions that "are not eligible for [Uniformed Services Employment and Reemployment Rights Act of 1994 (codified at 38 U.S.C. §§ 4301-4333) (USERRA)] or DOL consideration." *Id.* In his reply brief, he appears to assert that the nonselections were due to his military status and/or his status as a whistleblower. *See* PFR File, Tab 5 at 4-5.

¶4 The Board's jurisdiction is not plenary; it is limited to those matters over which it has been given jurisdiction by law, rule or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). Generally, a nonselection is not an action directly appealable to the Board, but the Board may have jurisdiction over a nonselection under either USERRA, VEOA, or as a claim of reprisal for whistleblowing activity in an individual right of action appeal. *Dale v. Department of Veterans Affairs*, 102 M.S.P.R. 646, ¶ 7 (2006); *Wooten v. Department of Veterans Affairs*, 96 M.S.P.R. 671, ¶ 8 n.* (2004).

¶5 In order to satisfy his jurisdictional burden in a VEOA appeal, the appellant must show that he exhausted his remedy with DOL. 5 U.S.C. § 3330a; *see Lazaro v. Department of Veterans Affairs*, 666 F.3d 1316, 1319 (Fed. Cir. 2012); *Hillman v. Tennessee Valley Authority*, 95 M.S.P.R. 162, ¶ 9 (2003). We discern no error with the administrative judge's decision to dismiss the appeal for lack of jurisdiction based on the appellant's failure to show that he exhausted his administrative remedy with DOL. The appellant does not appear to challenge the

administrative judge's analysis of the exhaustion issue, and we affirm the initial decision in this regard.

¶6      Regarding the appellant's contention that the administrative judge failed to address certain SES positions for which he had applied, and his concomitant assertion that the agency's decision not to select him for various positions was due to his military status and/or his whistleblower status, we forward these claims to the Washington Regional Office for docketing as a new appeal. We take no position as to whether the Board has jurisdiction over these claims.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov.

Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's <u>Rules of Practice</u>, and <u>Forms</u> 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                           _____
                                         William D. Spencer
                                         Clerk of the Board

Washington, D.C.